UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                    Plaintiff,

-against-

NARA SUSHI 76 INC. AND PEARL STREET
HOLDINGS, INC.,

                    Defendants.

**COMPLAINT**

*Civil Action No.* 1:24-cv-5689

Plaintiff, ALTAUNE BROWN ("Plaintiff"), by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint against NARA SUSHI 76 INC. ("Nara Sushi"), and PEARL STREET HOLDINGS, INC. ("Pearl Street;" collectively with Nara Sushi hereinafter referred to as "Defendants") seeking equitable, injunctive, and declaratory relief; monetary and nominal damages; along with attorney's fees, costs, and expenses pursuant to: Title III of the Americans with Disabilities Act 42 U.S.C. §§12181, et. Seq. ("ADA"); the New York City Human Rights Law ("NYCHRL"); and the New York State Human Rights Law ("NYSHRL"). Plaintiff hereby alleges the following:

### JURISDICTION & VENUE

1.     This Court is vested with jurisdiction pursuant to 28 U.S.C. §1331 and §1343 because this is an action for declaratory and injunctive relief pursuant to Title III of the ADA.

2.     Venue is proper pursuant to 28 U.S.C. §1391(B) because the events giving rise to this lawsuit occurred in the State of New York, County of New York, at the property known as and located at 76 Pearl Street, New York, NY 10004 (hereinafter "Defendants' Premises;" which includes the commercial space, commercial establishment, and public accommodation therein).

3.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under the NYSHRL and NYCHRL laws pursuant to 28 U.S.C. § 1367(a).

4.      The remedies provided by the NYSHRL against discrimination are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

## PARTIES

5.      Plaintiff is a natural person and resident of the State of New York and New York County.

6.      Plaintiff is a paraplegic who uses a wheelchair for mobility, which constitutes a "qualified disability" under the ADA.

7.      Nara Sushi is a domestic business corporation authorized to conduct business within the State of New York.

8.      At all times relevant to this action and upon information and belief, Nara owns, leases, operates, maintains, and controls all, or the relevant portions, of Defendants' Premises.

9.      Pearl Street is a domestic business corporation authorized to conduct business within the State of New York.

10.     At all times relevant to this action and upon information and belief, Pearl Street owns, leases, operates, maintains, and controls Defendants' Premises.

11.     The ADA, NYSHRL, NYCHRL, et seq. impose joint and several liability on the owner and lessee of a public accommodation.

12.     Defendants, jointly and individually, are a public accommodation as they respectively own, lease, control, maintain, and operate all, or the relevant portions, of Defendants' Premises.

2

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Defendants' Premises is a public accommodation as defined by the ADA, NYSHRL, NYCHRL, et seq. because it, *inter alia*, provides goods and services to the public and is required to comply with the ADA, NYSHRL, NYCHRL, et seq.

14. Defendants' Premises is a commercial space as defined by the NYSHRL, and NYCHRL because, *inter alia*, a portion of the building and structure thereof used or intended to be used as a business, office, and commerce.

15. On November 22, 2022 and on other occasions thereafter in 2023 and 2024, Plaintiff attempted to enter Defendants' Premises, which operates a well-known and centrally located Japanese restaurant. Defendants' Premises is less than one and a half (1.5) miles from Plaintiff's home. Plaintiff has been by the Premises multiple times and each time cannot reach the gratuitous buzzer.

16. Because the existing barriers prevent access and restrict the paths of travel, such as a step at the entrance, Plaintiff was unable to enter Defendants' Premises.

17. Because the existing barriers prevent access and restrict the paths of travel, such as three (3) steps at the entrance, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the commercial space and public accommodations within Defendants' Premises.

18. Because the existing barriers prevent access and restrict the paths of travel into and within Defendants' Premises, Plaintiff has been unable to have a nice dinner with his girlfriend. Nor was Plaintiff offered any assistance in entering Defendants' Premises. In fact, on the November 22, 2022, visit, Plaintiff noticed the sign and buzzer at the top of the three insurmountable steps at the entrance of the Premises, but was unable to reach the buzzer from his wheelchair to request assistance. Plaintiff then tried to wave his hands for assistance from the

3

sidewalk, but since it was cold outside and no assistance was provided, Mr. Brown left the Premises. As a result, Plaintiff was forced to seek another restaurant that provides free travel and independent access as required by the ADA, NYSHRL, NYCHRL, et seq.

19.    Because Plaintiff lives in the area and typically goes out with his girlfriend in the area to enjoy his neighborhood, Plaintiff has since returned to Defendants' Premises because it is within his neighborhood; however, the barriers that prevent access and restrict the paths of travel remain, and Plaintiff continues to be denied access and is deterred from returning based on his knowledge that the barriers exist. Accordingly, Plaintiff has and continues to suffer an injury in fact.

20.    Defendants denying Plaintiff the opportunity to participate in and benefit from the services or accommodations offered within Defendants' Premises because of his disability has caused Plaintiff to suffer an injury in fact.

21.    Plaintiff intends on immediately returning to Defendants' Premises once the barriers to access are removed and Defendants' Premises are ADA compliant.

22.    Defendants' failure to comply with the ADA, NYSHRL, NYCHRL, et seq. impedes upon the rights of Plaintiff, and other similarly situated disabled individuals, to travel free of discrimination and independently access Defendants' Premises.

**COUNT I**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

23.    Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs as if fully set forth at length herein.

24.    The ADA prohibits discrimination on the basis of disability by, *inter alia*, guaranteeing individuals with disabilities are provided with reasonable accommodations that

enable free travel and independent access to commercial establishments, commercial spaces, and public accommodations by the owners and operators of same.

25.     The ADA, the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (collectively referred to as the "Accessibility Standards") establish that property owners and the operators of commercial establishments, commercial spaces, and public accommodations are responsible for complying with these Accessibility Standards.

26.     Upon information and belief, Defendants' Premises was built before January 26, 1990, and has subsequently undergone substantial remodeling, repairs, and alterations.

27.     Defendants have discriminated, and continue to discriminate, against Plaintiff and others that are similarly situated by denying full and equal access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants at Defendants' Premises, in violation of the Accessibility Standards.

28.     Plaintiff has been, and continues to be, unable to enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered by Defendants at Defendants' Premises.

29.     Plaintiff visited Defendants' Premises with the intention of utilizing the commercial establishments, commercial spaces, and public accommodations within Defendants' facilities but was denied access because of the barriers that prevent access and restrict the paths of travel, and therefore suffered an injury in fact.

30.     Plaintiff continues to reside in New York and desires to visit Defendants' Premises in the future but continues to be injured by Defendants' failure to remove the barriers that prevent

access and restrict the paths of travel to and from Defendants' Premises. Accordingly, Plaintiff continues to be discriminated against in violation of the ADA, NYSHRL, NYCHRL, et seq.

31.     Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

32.     Defendants' Premises is in violation of the ADA, 42 U.S.C. §12181 et. Seq., and the Accessibility Standards, and is discriminating against the Plaintiff, in pertinent part, as a result of the following violations:

a.  Defendants' Premises lacks an access route from site arrival points, such as the public streets and sidewalks, to the accessible entrance due to the three steps leading to the entrance, in violation of Sections 206.2.1, 303.5 and 404.2.4 of the 2010 ADAAG Standards.

b.  Defendants' Premises fail to provide a service counter that complies with Sections 904.4 and 227.3 of the 2010 ADAAG Standards. More specifically, the existing service counter exceeds 34 (thirty-four) inches in height from the floor.

c.  Defendants' Premises fail to provide at least 5% of accessible tables and seating with proper knee/toe clearance.

d.  Defendants' Premises fail to provide adequate directional and accurate informational signage throughout the commercial space and public accommodation.

e.  Defendants' Premises fail to provide a safe and accessible means of egress for emergencies.

f.  Defendants' Premises fail to provide an accessible bathroom that includes accessible features.

g.  Defendants' Premises fail to adhere to a policy, practice, and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

33.     Upon information and belief, there are other current violations of, inter alia, the ADA, NYSHRL, NYCHRL, et seq. at Defendants' Premises, and only once a full inspection is done can all said violations be identified.

34.     To avoid fragmentary litigation, Plaintiff requires a full inspection of Defendants' Premises to identify Defendants' joint and several violations of and non-compliance with the ADA, NYSHRL, NYCHRL, et seq. As such, notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint that Defendants must remediate.

35.     To date, the barriers and other violations of the ADA at and within the Defendants' Premises still exist, and the removal of same are readily achievable; however, these violations have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, NYSHRL, NYCHRL, et seq.

36.     Pursuant to ADA, 42 U.S.C. §1201 et. Seq. and the Accessibility Standards, Defendants were required to make Defendants' Premises, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

37.     Defendants failed to make alteration accessible to Defendants' Premises to the maximum extent feasible.

38.     Defendants failed to make all readily achievable accommodations and modifications that would remove barriers and create independent access to Defendants' Premises.

39.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter Defendants' Premises to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by ADA, and order the closing of Defendants' Premises until the required modifications are completed.

40.    Plaintiff has suffered and will continue to suffer damages because of Defendants, joint and several, violations of the ADA in an amount to be determined at trial or by the Court, along with an award of Plaintiff's reasonable attorneys' fees, expenses, and costs as provided for by the ADA.

**COUNT II**
**VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

41.    Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs as if fully set forth at length herein.

42.    The New York City Human Rights Law provides:

a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation because of the actual or perceived...disability...of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof...to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of...disability...
NYC Admin. Code §8-107(4)(a).

43.    Defendants' Premises is a commercial space and public accommodation as defined in the NYCHRL.

44.    Defendants, jointly and severally, are in violation of the NYCHRL because they have failed to remove existing barriers that prevent access and restrict the paths of travel into commercial space and public accommodation within Defendants' Premises.

45.    Defendants, jointly and severally, are in violation of the NYCHRL because they have failed to provide Plaintiff with full and safe access to all of the benefits, accommodations, and services of the commercial space and public accommodation within Defendants' Premises.

46.    Defendants, jointly and severally, are in violation of the NYCHRL by intentionally creating and maintaining an inaccessible commercial space and public accommodation within Defendants' Premises.

47.    Plaintiff has been directly harmed and damaged because of Defendants, joint and several, violations of the NYCHRL.

48.    Defendants have, jointly and severally, derived and collected revenue and otherwise profited from their use of Defendants' Premises in violation of the ADA, NYSHRL, NYCHRL, et seq. As such, any profits from the use of Defendants' Premises should be disgorged pursuant to NYCHRL.

49.    Defendants, joint and several, violation of the ADA, NYSHRL, NYCHRL, et seq., and their years of unlawful discriminatory conduct constitutes willful and wanton conduct for which Plaintiff is entitled to an award of punitive damages to be determined at trial or by the Court.

50.    Plaintiff demands compensatory damages in an amount to be determined at trial or by the Court, including all applicable statutory damages and fines, for Defendants, joint and several, violation of his civil rights and the NYCHRL.

51.    Plaintiff has suffered and will continue to suffer damages because of Defendants, joint and several, violations of the NYCHRL in an amount to be determined at trial or by the Court, along with an award of Plaintiff's reasonable attorneys' fees, expenses, and costs as provided for by the NYCHRL.

**COUNT III**
**VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

52.    Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs as if fully set forth at length herein.

53.    The New York State Human Rights Law provides:

9

a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…
NYS Exec. Law §296 (2)(a).

54.     Defendants' Premises is a commercial space and public accommodation as defined in the NYSHRL.

55.     Defendants, jointly and severally, are in violation of the NYSHRL because they have failed to remove existing barriers that prevent access and restrict the paths of travel into the commercial space and public accommodation within Defendants' Premises.

56.     Defendants, jointly and severally, are in violation of the NYSHRL because they have failed to provide Plaintiff with full and safe access to all of the benefits, accommodations, and services of the commercial space and public accommodation within Defendants' Premises.

57.     Defendants, jointly and severally, are in violation of the NYSHRL by creating and maintaining an inaccessible commercial space and public accommodation within Defendants' Premises.

58.     Plaintiff has been directly harmed and damaged because of Defendants, joint and several, violations of the NYSHRL.

59.     Defendants have, jointly and severally, derived and collected revenue and otherwise profited from their use of Defendants' Premises in violation of the ADA, NYSHRL, NYCHRL, et seq. As such, any profits from the use of Defendants' Premises should be disgorged pursuant to NYCHRL.

60.     Defendants, joint and several, violation of the ADA, NYSHRL, NYCHRL, et seq., and their years of unlawful discriminatory conduct constitutes willful and wanton conduct for which Plaintiff is entitled to an award of punitive damages to be determined at trial or by the Court.

61.     Plaintiff demands compensatory damages in an amount to be determined at trial or by the Court, including all applicable statutory damages and fines, for Defendants, joint and several, violation of his civil rights and the NYSHRL.

62.     Plaintiff has suffered and will continue to suffer damages because of Defendants, joint and several, violations of the NYSHRL in an amount to be determined at trial or by the Court, along with an award of Plaintiff's reasonable attorneys' fees, expenses, and costs as provided for by the NYSHRL.

## COUNT IV
## INJUNCTIVE RELIEF

63.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs as if fully set forth at length herein.

64.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants, joint and several, violation of the ADA, NYSHRL, NYCHRL, et seq.

65.     The ADA, NYSHRL, and NYCHRL each vest this Court with the authority to grant injunctive relief that the court deems proper.

66.     A permanent injunction is immediately needed to order Defendants, jointly and severally, to immediately alter Defendants' Premises and make the commercial space and public accommodation therein readily accessible to and usable by Plaintiff and other persons with disabilities in accordance with the ADA, NYSHRL, NYCHRL, et seq.

67.     A permanent injunction is also needed forthwith to order Defendants, jointly and severally, to immediately provide appropriate auxiliary aids or services, modifications of

11

Defendants respective policies, or provisions of alternative methods in accordance with the ADA,

NYSHRL, NYCHRL, et seq.

68.    Should Defendants not immediately comply with this Court's orders for the

permanent injunctive relief prayed for above, the Court should order the immediate closure of

Defendants' Premises until such time that Defendants' Premises is made fully compliant with the

ADA, NYSHRL, NYCHRL, et seq.

69.    Defendants have no defenses or justifications for their violations of the ADA,

NYSHRL, NYCHRL, et seq.

70.    Because of Defendants' years of non-compliance with the ADA, NYSHRL,

NYCHRL, et seq., Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants, jointly

and severally, as follows:

a.    A declaratory judgment that Defendants, jointly and severally, are in violation of the ADA, NYSHRL, NYCHRL, et seq. in their ownership, leasing, control, maintenance, and operation of the commercial space and public accommodation within Defendants' Premises;

b.    A permanent injunction forthwith ordering Defendants, jointly and severally, to immediately alter Defendants' Premises and make facilities readily accessible to and usable by Plaintiff and other persons with disabilities in accordance with the ADA, NYSHRL, NYCHRL, et seq.;

c.    A permanent injunction forthwith ordering Defendants, jointly and severally, to immediately provide where appropriate auxiliary aids or services, modifications of Defendants respective policies, or provisions of alternative methods in accordance with the ADA, NYSHRL, NYCHRL, et seq.;

d.    Should Defendants not immediately comply with this Court's orders for the permanent injunctions prayed for herein, the Court should immediately order the closure of Defendants' Premises as to

12

Defendants, jointly and severally, until such time that Defendants' Premises is made fully compliant with the ADA, NYSHRL, NYCHRL, et seq.;

e.    An award of compensatory damages in an amount to be determined at trial or by the Court as provided for by the ADA, NYSHRL, NYCHRL, et seq.;

f.    An award of compensatory damages in an amount to be determined at trial or by the Court as provided for by the NYSHRL, and NYCHRL, et seq.;

g.    An award of reasonable attorney fees, expenses, and costs; and

h.    Such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
       July 26, 2024

THE MARKS LAW FIRM, PC

By: _____
    Bradly G. Marks
    155 E 55th Street, Suite 4H
    New York, NY 10022
    T:(646)770-3775
    F: (646) 770- 2639
    E: brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                      Plaintiff,

       -against-

NARA SUSHI 76 INC. AND PEARL STREET HOLDINGS, INC.,

                      Defendants.

## SUMMONS AND COMPLAINT

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
155 E 55th Street, Suite 4H
New York, NY 10022